IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERMAN EARL GRIFFIN, § | | |
| TDCJ #868724, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-1959 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

The petitioner, Herman Earl Griffin, is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Griffin seeks federal habeas corpus relief under 28 U.S.C. § 2254 from a state court criminal conviction. The respondent has filed an answer, arguing that the petition must be dismissed as barred by the governing statute of limitations. After reviewing all of the pleadings, the state court records, and the applicable law, the Court dismisses this case for reasons set forth below.

### I.     BACKGROUND

On October 29, 1998, a Texas grand jury returned an indictment against Griffin in cause number 795190, charging him with aggravated robbery with a deadly weapon. The State enhanced the indictment for purposes of punishment with allegations that Griffin had prior felony convictions for aggravated robbery (cause number 222681) and for attempted

capital murder of a peace officer (cause number 351828). A jury in the 338th District Court of Harris County, Texas, found Griffin guilty as charged. After Griffin conceded that the enhancement allegations were true, the jury sentenced Griffin on March 24, 1999, to serve ninety-nine years in prison. The conviction was affirmed on direct appeal in an unpublished opinion. *See Griffin v. State*, No. 01-99-00525-CR (Tex. App. — Houston [1st Dist.] April 6, 2000). Griffin did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Griffin filed a federal habeas corpus petition to challenge his aggravated robbery conviction in cause number 795190 on June 1, 2005.[1] Griffin contends that he is entitled to federal habeas corpus relief from this conviction because: (1) his trial lawyer was ineffective for failing to request advance notice of the State's intent to use his prior felony convictions against him; (2) his appellate counsel was ineffective for failing to complain about his trial attorney's deficiency on appeal; and (3) his punishment was disproportionate to the offense in violation of his right to due process. The respondent maintains that the petition must be dismissed because it is untimely. For discussed further below, the Court agrees.

---

[1] The Clerk's Office received Griffin's undated federal habeas corpus petition on June 3, 2005, but it is post-marked June 1, 2005. For statute of limitations purposes, courts in this circuit ordinarily treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this instance, Griffin challenges a state court conviction, which means that the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Griffin's conviction was affirmed on direct appeal on April 6, 2000. Although Griffin did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days later on May 6, 2000.  *See* TEX. R. APP. P. 68.2(a).   That date triggered the statute of limitations which expired one year later on May 6, 2001.  Griffin's pending petition, filed on June 1, 2005, is late by more than four years and is therefore time-barred unless an exception applies.

### A.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000).  The state court records show

3

that Griffin filed a state court habeas corpus application on March 12, 2003, which the Texas Court of Criminal Appeals denied on May 26, 2004. *See Ex parte Griffin,* Writ No. 58,726-01. Because this application was filed after the prescriptive period had already expired, it does not toll the statute of limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Griffin has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no other statutory basis to save the petitioner's late-filed claims.

**B.     Equitable Tolling**

Griffin offers no explanation for his delay in seeking federal habeas corpus review, and he does not otherwise expressly invoke the doctrine of equitable tolling. Nevertheless, the statute of limitations for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).

Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402. In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

As noted above, Griffin was convicted in 1999, and that conviction became final no later than May 6, 2000. Griffin waited almost three years before filing a state habeas corpus application in March of 2003, an more than a year after that application was denied before filing this federal case. This record demonstrates a substantial delay on Griffin's part, and he offers no explanation for his failure to diligently pursue federal habeas relief. Although Griffin proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher,* 174 F.3d at 714; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

5

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[2] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Given the petitioner's apparent lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Accordingly, equitable tolling will not save his late-filed claims. The Court therefore concludes that his pending federal habeas corpus petition is barred by the applicable one-year limitations period.

## III.  **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional

---

[2]  The Court notes, however, that Griffin's claims were adjudicated on the merits on state habeas corpus review. *See Ex parte Griffin*, No. 58,726-01. Griffin makes no effort to show how the state court's decision to reject his claims was contrary to, or involved an unreasonable application of, Supreme Court precedent as required under the governing federal habeas corpus standard found at 28 U.S.C. § 2254(d).

prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996. The Court concludes therefore that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.   The petition for a federal writ of habeas corpus is **DISMISSED** with prejudice as barred by the statute of limitations.

2.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **October 31, 2005.**

_____
Nancy F. Atlas
United States District Judge